**Iraida VASILJEVA, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–74479.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 11, 2008.

Law Offices of Deborah L. Karapetian, Glendale, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

W. Manning Evans, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel, Department of Homeland, Security Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Iraida Vasiljeva, a native and citizen of Latvia, petitions for review of the Board of Immigration Appeals ("BIA") order denying her second motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005).

The BIA correctly determined that Vasiljeva's prior counsel did not provide ineffective assistance of counsel by filing her first motion to reopen late. Although Vasiljeva's first motion to reopen was untimely, the factual basis for the motion-her marriage to a U.S. citizen—did not occur until well after the ninety-day deadline had passed. *See Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002) (en banc) (one of five requirements is that the motion be timely filed).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The BIA did not abuse its discretion in concluding that Vasiljeva failed to show she acted with due diligence, where she met with new counsel in October 2005 and learned prior counsel had filed an untimely petition for review of the BIA's underlying order upholding the denial of asylum, yet did not file her second motion to reopen until April 2006, and did not explain the five-month delay. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who establishes deception, fraud, or error, and exercised due diligence in discovering such circumstances).

The record does not support Vasiljeva's contention that the BIA violated her due process rights by not fully considering all the facts and evidence.

The mandate shall issue 120 days from this filing.

**PETITION FOR REVIEW DENIED.**